1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   JOANN M. SWANSON (CSBN 88143)
3  Chief, Civil Division

4  STEVEN J. SALTIEL (CSBN 202292)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102
       Telephone: (415) 436-6996
7      FAX: (415) 436-6748

8  Attorneys for Plaintiff

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                         SAN FRANCISCO DIVISION
12
                                            C 05 2991
13 ELAINE L. CHAO, Secretary of Labor,  )   No.
   United States Department of Labor,   )
14                                      )   **COMPLAINT FOR DECLARATORY**
          Plaintiff,                    )   **AND INJUNCTIVE RELIEF UNDER**
15                                      )   **THE LABOR-MANAGEMENT**
       v.                               )   **REPORTING AND DISCLOSURE ACT**
16                                      )   **OF 1959, 29 U.S.C. § 482(c)**
   OPTICAL WORKERS UNIT, SERVICE        )
17 EMPLOYEES INTERNATIONAL UNION,)
   LOCAL 535, AFL-CIO,                  )
18                                      )
          Defendant.                    )
19 _____)

20     Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, alleges as

21 follows:

22                              NATURE OF THE ACTION

23     1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and

24 Disclosure Act of 1959, 29 U.S.C. § 401, et. seq. (the "Act") for a judgment declaring that

25 defendant's December 30-31, 2004 election for the offices of President, Secretary, Treasurer,

26 Executive Board, and State Delegate, is null and void, directing defendant to conduct a new

27 election for these offices under plaintiff's supervision, and for other appropriate relief.

28 \\

COMPLAINT
No.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to § 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association residing in the County of Alameda, California, within the Northern District of California.

6. Defendant is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j), and 481 (b).

## FACTUAL ALLEGATIONS

7. On or about December 30 and 31, 2004, defendant, purporting to act pursuant to its By-Laws, conducted an election for various offices, including the offices of President, Secretary, Treasurer, Executive Board, and State Delegate. The December 30-31, 2004 election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8. On or about January 10, 2005, Joyce Sandau, a member of defendant in good standing, protested the December 30-31, 2004 election in writing. Sandau alleged, inter alia, that defendant failed to mail election ballots to all eligible members.

9. On or about January 20, 2005, defendant's Election Committee notified Sandau that it had denied her protest.

10. By letters dated January 28, 2005 and January 31, 2005, Sandau appealed the denial of her protest to the Statewide President of Service Employees International Union ("SEIU"), Local 535.

11. On or about February 7, 2005, SEIU notified Sandau that the Constitution and Bylaws Committee denied her appeal.

12. On or about February 20, 2005, Sandau appealed the decision of the Constitution and

COMPLAINT
No.                                        2

Bylaws Committee to Andrew L. Stern, President of SEIU. As of May 5, 2005, Sandau had not received a response to her appeal to Stern.

13. On or about May 5, 2005, having invoked the remedies available to her for three calendar months without receiving a final decision, Sandau filed a timely complaint with plaintiff challenging the results of the December 30-31, 2004 election. Prior to filing this complaint, Sandau exhausted the remedies available to her under defendant's Bylaws.

14. By letter dated June 14, 2005, and signed by defendant's Executive Director on June 16, 2005, defendant agreed that the time within which plaintiff may bring suit with respect to the December 30-31, 2004 election be extended to July 22, 2005.

15. Pursuant to § 601 of the Act, 29 U.S.C. § 521, and in accordance with § 402(b) of the Act, 29 U.S.C. § 482(b), plaintiff investigated Sandau's complaint, and based on her investigation, found probable cause to believe that: (a) defendant violated Title IV of the Act, 29 U.S.C. § 481 et. seq.; and (b) such violation has not been remedied.

16. Section 401(e) of the Act, 29 U.S.C. § 481(e), provides in pertinent part that: (1) every member in good standing shall have the right to vote for or otherwise support the candidate or candidates of his or her choice; and (2) not less than fifteen days prior to the election notice shall be given to each member at his or her last known home address.

17. In conducting the December 30-31, 2004 election, defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by: (1) denying eligible members the opportunity to vote; (2) failing to mail an election notice to each member at his or her last known home address at least fifteen days prior to the election; and (3) failing to honor requests for duplicate ballots.

18. Upon information and belief, the aforesaid violations of section 401(e) of the Act, 29 U.S.C. § 481(e), affected the outcome of the December 30-31, 2004 election for the offices of President, Secretary, Treasurer, Executive Board, and State Delegate.

WHEREFORE, plaintiff prays for judgment as follows:

    (A)    Declaring the defendant's December 30-31, 2004 election for the offices of President, Secretary, Treasurer, Executive Board, and State Delegate to be null and void;

COMPLAINT
No.                            3

1  (B) Directing the defendant to conduct a new election for the offices of President, Secretary, Treasurer, Executive Board, and State Delegate, under the supervision of the plaintiff;

(C) For costs of suit herein;

(D) For such other relief as the Court may deem just and proper.

DATED: July 22, 2005

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

_____
STEVEN J. SALTIEL
Assistant United States Attorney

Of Counsel:

U.S. Department of Labor

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSEL
Associate Solicitor

GARY BUFF
Acting Regional Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

BRENDA J. STOVALL
Attorney

MARY K. ALEJANDRO
Trial Attorney

COMPLAINT
No.  4